NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

SAMAN A. FARNOUSH, *Plaintiff/Appellee*,

v.

YULIYA FARNOUSH, *Defendant/Appellant*.

No. 1 CA-CV 25-0727 FC

FILED 06-30-2026

Appeal from the Superior Court in Maricopa County
No.  FC2025-052213
The Honorable Lori Ash, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

BLR Legal, P.L.C., Phoenix
By Thomas Leavell
*Counsel for Plaintiff/Appellee*

The Law Firm of Michael J. Shew, Phoenix
By Michael J. Shew
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1        Yuliya Farnoush ("Mother") appeals the superior court's order continuing an order of protection.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to upholding the superior court's ruling.  *Mahar v. Acuna*, 230 Ariz. 530, 531, ¶ 2 (App. 2012).

¶3        Saman Farnoush ("Father") and Mother married in 2012 and have two minor children in common.  In 2022, Mother petitioned for dissolution of marriage.  That case was still pending at the time Father petitioned for an order of protection in July 2025.  Father's petition alleged that Mother engaged in four separate incidents of harassing behavior.  The superior court granted the petition on an ex parte basis and prohibited Mother from contacting Father except through "Our Family Wizard" and only to discuss the children.  The parties' children were not included as protected persons in the order, but the order provided that Mother could call them on "WhatsApp," presumably when the children had parenting time with Father.  Mother requested a hearing to contest the order.  *See* A.R.S. § 13-3602(L).

¶4        Later that month, the court heard testimony from both Mother and Father, and found, by a preponderance of the evidence, reasonable cause to believe Mother committed an act of domestic violence within the last year or may commit an act of domestic violence in the future.  *See* A.R.S. § 13-3602(E).  Specifically, the court found Mother made a report to the Department of Child Safety ("DCS") about Father abusing drugs that was "not based in fact," and that "would cause a reasonable person to be seriously alarmed, annoyed, humiliated, or mentally distressed, and that did in fact seriously alarm, annoy, humiliate, or mentally distress" Father.  The court also found the federal firearm restriction applied and continued

the order of protection as amended to remove the Arizona firearm prohibition.

**¶5**         Mother timely appealed.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(5)(b), as well as Rule 42 of the Arizona Rules of Protective Order Procedure.

## DISCUSSION

**¶6**         Mother raises two arguments on appeal: (1) the superior court erred in finding Mother contacted DCS and knowingly made a false report against Father and (2) the court's harassment finding was unconstitutional and unlawfully restricts her freedom of speech.

**¶7**         "We review the superior court's continuation of an order of protection following an evidentiary hearing for an abuse of discretion, but review questions of law de novo."  *Shah v. Vakharwala*, 244 Ariz. 201, 202, ¶ 5 (App. 2018).  We defer to the superior court's factual findings and credibility determinations unless clearly erroneous.  *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010); *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

**¶8**         Father failed to file an answering brief.  However, we decline to treat this as a confession of reversible error because no "debatable question is raised by the appeal."  *Navarro v. State*, 32 Ariz. 119, 120 (1927).

I.     The Superior Court's Harassment Finding

**¶9**         Mother contends that insufficient evidence supports the superior court's factual findings.  There are a number of offenses in A.R.S. § 13-3601(A) that constitute domestic violence when the "victim and the defendant have a child in common."  This list includes harassment, *see* A.R.S. § 13-3601(A), which occurs "if the person knowingly and repeatedly commits an act . . . that harass[ed] another person," A.R.S. § 13-2921(A). This includes making "a false report to a . . . social service agency against another person."  A.R.S. § 13-2921(A)(4).

**¶10**         Mother argues that her testimony as to her personal observation of Father's drug use precluded the court from finding that she knowingly filed a false report to DCS, and essentially "turned the burden of proof on its head."  Relatedly, she contends that because a DCS reporter's identity is confidential, Father failed to meet his burden to prove Mother made the DCS report.

¶11      At the evidentiary hearing, Father testified that on January 14, 2025, Mother moved the court in the dissolution case to order Father to submit to a hair follicle test, alleging that he was abusing drugs in the children's presence. Several weeks later (two days before the hearing on Mother's motion), DCS received an anonymous report regarding Father's alleged drug use. Though Father acknowledged Mother denied making the report, he testified he knew of no one else "who would've possibly made this false allegation against [him]." He believed the anonymous reporter "[had] to be [Mother]" because Mother previously made multiple drug allegations against him.

¶12      The superior court also heard evidence that Father submitted two hair follicle tests between December 2024 and January 2025 that both produced negative results. Father testified the negative drug tests demonstrated "that the allegations that Mother was making against [him], that [he] [was] using and abusing drugs, [were] completely false." Father also testified that he was a medical doctor and thus any allegations of illegal drug use could impact his medical license and hospital privileges.

¶13      Mother told a different story. She testified that she lived with Father for ten years, and many times witnessed him using "not only just marijuana, but pills and all that in my presence and in the presence of my kids." She denied ever contacting DCS with allegations against Father. And when the court asked whether she had made any complaints to DCS, she responded "[n]o." She testified she believed Father was using drugs because an ex-babysitter reported to her that Father smoked marijuana daily.

¶14      Although the parties presented conflicting testimony at the hearing, we defer to the court's determination of witness credibility, and we will not reweigh credibility determinations on appeal. *Hurd*, 224 Ariz. at 52, ¶ 16.

¶15      Because we defer to the superior court's credibility determinations and sufficient record evidence supports the court's finding that Mother knowingly "ma[de] a false report to [DCS]," the court did not abuse its discretion in continuing the order of protection. *See* A.R.S. § 13-3602(L) ("After [a] hearing [requested by a party who is under an order of protection], the court may modify, quash, or continue the order.").

II.     Mother's Remaining Arguments

¶16      Mother argues that limiting her contact with Father to Our Family Wizard and with the children to WhatsApp while Father exercises

parenting time constitutes an unconstitutional prior restraint. "[W]e generally do not consider issues, even constitutional issues, raised for the first time on appeal." *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000). In considering whether a constitutional argument may be raised and addressed for the first time on appeal, we consider if the issue is of statewide importance, is raised in the context of a fully developed record, requires no resolution of disputed facts, and has been fully briefed by the parties. *Larsen v. Nissan Motor Corp. in U.S.A.*, 194 Ariz. 142, 147, ¶ 12 (App. 1998). Mother's constitutional argument was not fully briefed by the parties and raises no issue of statewide importance. We therefore decline to address it.

**¶17** Mother also argues that any alleged statements to DCS should be "privileged." This argument is likewise waived because she failed to raise it before the superior court. *See BMO Harris Bank N.A v. Espiau*, 251 Ariz. 588, 593-94, ¶ 25 (App. 2021) (noting that "legal theories must be presented timely to the trial court so that the court may have an opportunity to address all issues on their merits," and that arguments not raised below are waived on appeal) (citation omitted).

**¶18** Finally, Mother requests attorneys' fees under A.R.S. § 25-324. This statute allows an attorneys' fees award in "any proceeding under this chapter or chapter 4, article 1 of this title," A.R.S. § 25-324(A), which includes dissolution-of-marriage proceedings and legal-decision-making and parenting-time proceedings, *see* A.R.S. §§ 25-301, -401. An order-of-protection proceeding is a separate proceeding. Mother did not request attorneys' fees under A.R.S. § 13-3602(T) or discuss the applicable factors in Arizona Rules of Protective Order Procedure 39(b). Accordingly, we deny her request.

## CONCLUSION

**¶19** We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR